**Gurprit SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74689.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 30, 2009.

Peter Singh, Esquire, Peter Singh & Associates, P.C., Fresno, CA, for Petitioner.

Gregory Michael Kelch, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Gurprit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir. 2003), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the determination that Singh's application for asylum was untimely because Singh's arrival date is an issue of disputed fact. *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales,* 479 F.3d 646, 657 (9th Cir.2007) (per curiam).

■ Substantial evidence supports the BIA's determination that even if Singh established past persecution, the government rebutted Singh's presumption that his life or freedom would be threatened in the future by demonstrating both changed circumstances in India since his departure, and also that Singh could reasonably relocate within India. *See Sowe v. Mukasey,* 538 F.3d 1281, 1286–87 (9th Cir.2008) (the presumption of a well-founded fear of persecution can be rebutted by showing either a fundamental change in circumstances or that the applicant could avoid future persecution by relocation). The agency rationally construed evidence in the record and provided a sufficiently individualized analysis of Singh's situation. *See Gonzalez–Hernandez,* 336 F.3d at 1000. Thus, Singh's claim for withholding of removal fails.

■ Substantial evidence also supports the agency's determination that Singh is not entitled to CAT relief because he failed to establish that it is more likely than not that he will be tortured if he returns to India. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

